

FILED
3/14/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. **24CR143** |
| v. ) | |
| ) | Violations: Title 18, United States |
| GLENN BOWDEN ) | Code, Sections 876(c), 1512(c)(2), |
| ) | and 1001(a)(2) |

JUDGE PACOLD
MAGISTRATE JUDGE JANTZ

### COUNT ONE

The SPECIAL JANUARY 2023 GRAND JURY charges:

On or about May 19, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GLENN BOWDEN,

defendant herein, did knowingly cause to be delivered, by the United States Postal Service to the United States Probation Office in Chicago, Illinois, a communication addressed to Probation Officer A, who is an official covered by Title 18, United States Code, Section 1114, which communication contained a threat to injure Probation Officer A;

In violation of Title 18, United States Code, Section 876(c).

## **COUNT TWO**

The SPECIAL JANUARY 2023 GRAND JURY further charges:

1.  At times material to Count Two of this indictment:

    a.  On or about July 13, 2022, in the case of *United States v. Glenn Bowden*, No. 19 CR 924, pending in the United States District Court for the Northern District of Illinois ("2019 Criminal Case"), defendant GLENN BOWDEN was sentenced to a term of imprisonment in a federal prison.

    b.  On or about August 4, 2022, defendant was transferred from the Metropolitan Correctional Center in Chicago, Illinois, to a United States Penitentiary in Kentucky ("USP McCreary") to serve his sentence.

    c.  On or about December 6, 2022, while incarcerated at USP McCreary, defendant caused a motion for compassionate release to be filed in his 2019 Criminal Case, which motion sought his release from prison ("the Motion for Compassionate Release").

    d.  On or about May 25, 2023, while incarcerated at USP McCreary, defendant caused to be filed in his 2019 Criminal Case, and in support of his pending Motion for Compassionate Release, a character letter purportedly written by Chaplain A at USP McCreary ("the Chaplain Letter"), which advocated for defendant's release. However, defendant knew that he, not Chaplain A, had written the Chaplain Letter and that Chaplain A had no knowledge of the Chaplain Letter and did not authorize it to be written, signed, or filed on his behalf.

2. On or about May 25, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GLENN BOWDEN,

defendant herein, attempted to corruptly obstruct, influence, and impede an official proceeding, that is, the adjudication of defendant's Motion for Compassionate Release in his 2019 Criminal Case, by causing to be filed in that proceeding a fraudulent document, namely, the Chaplain Letter;

In violation of Title 18, United States Code, Section 1512(c)(2).

## COUNT THREE

The SPECIAL JANUARY 2023 GRAND JURY further charges:

1. Paragraph 1 of Count Two is incorporated here.

2. At times material to Count Three of this indictment:

    a. Probation Officer A, who worked as a probation officer at the United States Probation Office in Chicago, conducted the presentence investigation of defendant GLENN BOWDEN in connection with his 2019 Criminal Case.

    b. On or about May 19, 2023, the United States Postal Service delivered an anonymous typewritten letter in an envelope addressed to Probation Officer A at the United States Probation Office in Chicago, Illinois ("the Anonymous Letter").

    c. The Federal Bureau of Investigation was investigating possible violations of criminal law in connection with the mailing of the Anonymous Letter to Probation Officer A in Chicago and the filing of the Chaplain Letter in the 2019 Criminal Case in Chicago.

    d. The following matters, among others, were material to the FBI's investigations:

        i. whether defendant authored, caused to be authored, typed, sent, caused to be sent, or otherwise knew about the Anonymous Letter; and

        ii. whether defendant authored, caused to be authored, typed, sent, caused to be sent, or otherwise knew about the Chaplain Letter.

4

3. On or about July 24, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

GLENN BOWDEN,

defendant herein, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the Government of the United States, when in substance he stated that:

    a. he did not type or send the Anonymous Letter to Probation Officer A; and

    b. he knew nothing about the Chaplain Letter and did not know who wrote it;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Jason Yonan
on behalf of the
ACTING UNITED STATES ATTORNEY

5